**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4127**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SULIMAN MALIK EL-AMIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00222-RJC-DSC-1)

Submitted: September 28, 2017                           Decided: October 18, 2017

Before GREGORY, Chief Judge, and SHEDD and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Suliman Malik El-Amin pled guilty pursuant to a written plea agreement to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). The district court sentenced El-Amin to 84 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court imposed a substantively unreasonable sentence. Counsel also questions whether the court imposed an unreasonable sentence in light of the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017). El-Amin has filed a pro se supplemental brief arguing that he should be resentenced in light of *Dean*. We affirm.

This court reviews a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or

below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Upon review, we find that El-Amin's sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable Sentencing Guidelines range and appropriately explained the selected below-Guidelines sentence in the context of the relevant § 3553(a) factors. Further, the court offered ample reasons for rejecting counsel's request for a downward variance. Accordingly, we find that El-Amin has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence. Finally, we conclude that *Dean* does not impact El-Amin's case, as the district court recognized its discretion to vary downward from El-Amin's Sentencing Guidelines range pursuant to the § 3553(a) factors. *See Dean*, 137 S. Ct. at 1176-77.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform El-Amin, in writing, of the right to petition the Supreme Court of the United States for further review. If El-Amin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on El-Amin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*